UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br>     v.<br><br>CHARLES C. MILLER,<br><br>                   Defendant. | No. CR97-0051JCC<br><br>ORDER |

This matter comes before the Court under Local General Rule 8(c). On February 1, 2007, the Honorable John C. Coughenour, United States District Judge, directed entry of a minute order in the above-captioned matter requiring that the parties brief the propriety of Judge Coughenour's continued handling of the case in light of defendant's recent decision to sue Judge Coughenour in the United States District Court in Reno, Nevada. See Dkt. #646 (defendant's Nevada filing); #654 (Minute Order). The United States responded to the minute order and requested that Judge Coughenour not recuse himself. See Dkt. #660. Defendant did not substantively respond to the minute order. On February 13, 2007, Judge Coughenour declined to recuse himself voluntarily and the matter was referred to the Chief Judge (Dkt. #662). The issue is therefore ripe for review by this Court.

Section 455 of title 28 of the United States Code governs the disqualification of a district judge. It states in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be

ORDER

questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists[.]

A judge must recuse himself if a reasonable person would believe that he is unable to be impartial. Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry regarding whether there is an appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir. 1991); United States v. Conforte, 624 F.2d 869, 881 (9th Cir. 1980); see also Liteky v. United States, 510 U.S. 540, 555 (1994) (explaining the narrow bases for recusal).

The issue in this matter is whether the filing of a civil action against Judge Coughenour requires his recusal in the pending criminal case. A similar issue was addressed in United States v. Studley, 783 F.2d 934 (9th Cir. 1986), where following her criminal trial, Studley filed a civil action against the criminal trial court judge and moved for his recusal. Id. at 939. The district court denied Studley's motion for recusal. Id. at 940. The Ninth Circuit affirmed, holding that "[a] judge is not disqualified by a litigant's suit or threatened suit against him[.]" Id. (citing Ronwin v. State Bar of Ariz., 686 F.2d 692, 701 (9th Cir. 1981), rev'd on other grounds sub nom. Hoover v. Ronwin, 466 U.S. 558 (1984) (stating that "'[a] judge is not disqualified merely because a litigant sues or threatens to sue him.") (quoting United States v. Grismore, 564 F.2d 929, 933 (10th Cir. 1977)). Accordingly, the fact that defendant Miller filed a civil action against Judge Coughenour is not a basis for recusal in this case. "Such an easy method for disqualification should not be encouraged or allowed." Ronwin, 686 F.2d at 701.

Furthermore, defendant's Nevada filing, styled "Counter Complaint: Motion for Discharge, Presenting Defenses of Failing to State a Claim Of Improper Service of Process, To

ORDER                    -2-

Set Aside Fraudulent Conveyance, with Motion for Probable Cause Hearing to Establish Indemnity Parties, Show Cause Order and Application for Peace Bond" is not a model of clarity, but it does not appear that defendant is seeking redress for any of Judge Coughenour's prior rulings in this case. See Dkt. #646.  However, even if defendant Miller is seeking relief in the Nevada action based on Judge Coughenour's rulings, it is not a basis for recusal because a litigant cannot justify removal of a judge based on adverse rulings in a pending case:  the alleged bias must result from an extrajudicial source. Studley, 783 F.2d 934, 939 (9th Cir. 1986).

Having reviewed defendant Miller's action filed in the United States District Court in Reno, Nevada (Dkt. #646), and the remainder of the record, the Court finds that Judge Coughenour's impartiality cannot reasonably be questioned.  There being no evidence of bias or prejudice, recusal of Judge Coughenour is not warranted.

DATED this 13th day of February, 2007.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER        -3-